O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL CAMPBELL,<br><br>           Plaintiff,<br><br>    v.<br><br>AMERICAN RECOVERY SERVICES INCORPORATED,<br><br>           Defendant. | Case No.: 2:15-cv-09079-ODW-AGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [14]** |

## I.  INTRODUCTION

Plaintiff Michael Campbell filed a Complaint against Defendant American Recovery Services, Incorporated ("ARSI"), alleging that ARSI failed to sufficiently identify the name of Plaintiff's creditor in a debt collection letter sent to Plaintiff. (Complaint ("Compl."), ECF No. 1.)  ARSI now moves to Dismiss Plaintiff's Complaint on the grounds that the contents of the letter is neither abusive, deceptive, false, nor misleading as a matter of law.  (Def.'s Mot. to Dismiss ("Mot."), ECF No. 14.)  After considering the merits of ARSI's arguments, the Court **GRANTS** this Motion to Dismiss.[1]

## II.  FACTUAL BACKGROUND

Plaintiff is an individual who allegedly incurred a debt to American Express. (Compl. ¶¶ 11-12, Ex. 1.)  ARSI is a corporation that was retained to collect on

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

Plaintiff's account. (*Id.* ¶ 13.) On July 29, 2015 ARSI sent a collection letter to Plaintiff regarding the outstanding balance on his account. (*Id.* ¶ 14, Ex. 1.) In the letter, ARSI identified Plaintiff's creditor as "American Express" and the outstanding balance as "$13652.45." (*Id.*) Plaintiff filed a bankruptcy petition in the Eastern District of New York on October 29, 2015, and in Schedule F of his petition, Plaintiff listed a debt to "American Express" in the amount of "13,652.00." (Req. Jud. Not. Ex. 1, ECF No. 14-2.)[2]

On November 23, 2015, Plaintiff filed a Complaint alleging that ARSI's failure to include the word "Company" or identify a subsidiary after "American Express" entitles him to damages under the Fair Debt Collection Practices Act ("FDCPA"), New York General Business Law ("NYGBL"), and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). (Compl. ¶¶ 37, 47, 59, 64.) On January 27, 2016, ARSI filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 14.) On February 8, 2016, Plaintiff filed a timely Opposition, and on March 4, 2016, ARSI filed a timely reply. (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp."), ECF No. 17; Def.'s Reply to Pl.'s Opp'n ("Reply"), ECF No. 18.) ARSI's Motion to Dismiss is now before this Court.

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).

---

[2] To the extent the Court relies on facts supported by documents outside of the pleadings, the Court grants Defendant's Requests for Judicial Notice. Fed. R. Evid. 201(b).

For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability. *Id.* Labels, conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Plaintiff alleges that ARSI violated the FDCPA, NYGBL, and the Rosenthal Act because the collection letter he received from ARSI failed to sufficiently identify American Express as the creditor of his debt. (Compl. ¶ 1.) Plaintiff contends that the least sophisticated consumer would be confused as to whom the debt is owed because American Express has numerous subsidiary corporations. (*Id.* ¶¶ 35–37, 46.) ARSI moves to dismiss Plaintiff's Complaint on the grounds that (1) under the FDCPA "least sophisticated consumer" standard, the least sophisticated consumer receiving the letter attached to Plaintiff's Complaint would not be confused as to the identity of the creditor, and (2) ARSI's letter does not violate either NYGBL § 349 or the Rosenthal Act as a matter of law. (Mot. 4–9.)

### A. The Fair Debt Collection Practices

#### 1. FDCPA Standard

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. The FDCPA is best used to challenge "clear violations rather than scanning for technical missteps that bring minimal relief to the individual debtor but a possible windfall for the attorney." *Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998). Whether a debt collector's conduct violates sections 1692e and 1692g of the FDCPA requires an objective analysis that takes into account whether the least sophisticated debtor would be misled by the communication. *Gonzales v. Arrow Fin. Servs., Inc.*, 660 F.3d 1055, 1061 (9th Cir. 2011); *see also Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir.1988). What is required from a "least sophisticated debtor" is lower than what is required from a "reasonable debtor." *See Gonzales*, 660 F.3d at 1061–62. The

standard does, however, "preserve a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.* at 1062 (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). That being said, "[t]he FDCPA does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,' or 'peculiar' misinterpretations." *Id.*

### 2. Plaintiff's Section 1692g Claim

Section 1692g(a) of the FDCPA provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice describing the debt, to whom it is owed, and a statement that the consumer has a right to dispute the debt. Here, ARSI's letter to Plaintiff states "Creditor: American Express." (Compl. Ex. 1.) Plaintiff argues that his understanding of the letter is irrelevant. (Opp. 5–6.) Rather, he states that the least sophisticated consumer standard is an objective standard that pays no attention to the subjective circumstances of the particular debtor in question. (*Id.*) ARSI contends that its letter would not confuse even the least sophisticated debtor. (Reply 6.)

The Seventh Circuit recently stated:

> Undoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however, unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision. In most instances, however, a proper application of the rule will require that the plaintiff be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard.

*McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 2006 WL 1867483 at *2 (7th Cir. July 7, 2006). Here, Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Under the FDCPA it is sufficient to avoid confusion if the debt collector uses the full business name of the creditor, *the name under which it usually transacts business*, or a commonly-used acronym. *See Berk v. J.P. Morgan*

*Chase Bank, N.A.*, 2011 WL 4467746, at *1 (E.D. Pa. Sept. 26, 2011) (holding that no person could find that "Chase Auto Loans" is a false identification of any of the named Chase defendants—JPMorgan Chase Bank, JPMorgan Chase & Co., or Chase Auto Finance Corporation); *see also Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *7 (E.D. Wis. Mar. 27, 2007) (holding that any legitimate name under which the creditor operates could qualify as naming the creditor as required in § 1692g(a)(2)).  Because "American Express" is the name under which the financial services company usually transacts business, is commonly referred to by that name, and is not potentially misleading, the Court **GRANTS** ARSI's Motion with respect to Plaintiff's section 1692g claim.

### 3. Plaintiff's Section 1692e Claim

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Plaintiff alleges that ARSI's identification of "American Express" as the creditor is a violation of §1692e in that it is susceptible to an inaccurate reading and is thus deceptive. (Compl. ¶¶ 39–44.)  ARSI contends that Plaintiff failed to plead facts sufficient to demonstrate that the failure to name a subsidiary of American Express was material.  (Mot. 8.)

The Ninth Circuit has held that "[n]on-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).  A representation is material if "the least sophisticated debtor would likely be misled by a communication." *Id.* at 1030.  As stated above, this Court finds that ARSI's letter would not be likely to mislead the least sophisticated consumer because "American Express" is a commonly used name under which the business usually transacts. *See Mahan v. Retrieval-Masters Credit Bureau, Inc.*, 777 F. Supp. 2d 1293, 1301 (S.D. Ala. 2011) (holding that a creditor had not violated §1692e when using a name under which it had commonly done business). *But see*, *Lester E. Cox Medical*

*Center, Springfield, Mo. v. Huntsman,* 408 F.3d 989, 992–93 (8th Cir.2005) (finding a debt collector violated § 1692e when it used a false name to collect its debts such that plaintiff would not know if the debt had been turned over to a third party creditor). Therefore, ARSI's representation of the creditor as "American Express" in its letter is not a material misrepresentation, and thus is not actionable under § 1692e. The Court **GRANTS** ARSI's Motion with respect to Plaintiff's section 1692e claim.

### B. New York General Business Law Section 349

To state a claim under New York General Business Law § 349, a Plaintiff must allege that "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Plaintiff alleges that ARSI's letter was consumer oriented because it was a form letter sent to many consumers, that the letter was misleading in a material respect, and that he was injured as a result of ARSI's actions. (Opp. 19–20.) Under the NYGBL, the standard to determine whether an act is materially misleading is objective, requiring a plaintiff to demonstrate that the act was "likely to mislead a *reasonable* consumer acting reasonably under the circumstances." *Spagnola*, 574 F.3d at 74 (emphasis added). This standard is more stringent than the least sophisticated consumer standard under the FDCPA. *See Campbell v. MBI Associates, Inc.*, 98 F. Supp. 3d 568, 577 (E.D.N.Y. 2015) (asserting that the least sophisticated consumer does not have the astuteness of the average, everyday, common consumer). Therefore, ARSI argues that, because Plaintiff's Complaint failed to state a claim under the least sophisticated consumer standard, it cannot then survive the more demanding standard required under NYGBL § 349. (Mot. 9.)

The Court agrees. Because Plaintiff failed to state a claim under the FDCPA "least sophisticated consumer" standard, as discussed above, the Court finds that it also failed to state a claim under the "reasonable consumer" standard of the NYGBL. *See Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997) (finding that "[t]he

objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'"). Therefore, the Court **GRANTS** ARSI's Motion with respect to Plaintiff's NYGBL claim.

### C. The Rosenthal Act Claim

In its Complaint, Plaintiff asserts a claim against ARSI under Cal. Civ. Code § 1788.17. (Compl. ¶ 63.) Section 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA. (*Id.*) "[W]hether a validation notice violates the Rosenthal Act turns on whether it violates the FDCPA." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). Because Plaintiff failed to state a claim under the FDCPA, his claim under the Rosenthal Act also fails. The Court **GRANTS** ARSI's Motion with respect to Plaintiff's claim under the Rosenthal Act.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** ARSI's Motion to Dismiss in its entirety. The Complaint is therefore **DISMISSED**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

June 8, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**